ZAWILANSKI v MARSHALL

Docket No. 330495. Submitted June 8, 2016, at Lansing. Decided July 12, 2016. Approved for publication August 25, 2016, at 9:05 a.m.

Plaintiff brought this action in the Livingston Circuit Court for custody of the child born to her and defendant. Plaintiff and defendant never married. Defendant died during the pendency of the action, and petitioner, the child's paternal grandmother, petitioned the court for liberal grandparenting time with the child. Petitioner had been the child's primary caregiver while plaintiff was recovering from a serious automobile accident, and petitioner had developed a close bond with the child. Plaintiff agreed with petitioner that grandparenting time was appropriate, but the two could not agree on an amount of grandparenting time satisfactory to them both. The parties submitted the issue to the Friend of the Court (FOC) for an investigation. The referee issued a recommendation that petitioner be awarded the same amount of grandparenting time as the parenting time a noncustodial parent would be awarded. The court, David J. Reader, J., denied plaintiff's objections to the order, expressly adopted the order, and denied plaintiff's motion for reconsideration. Plaintiff appealed.

The Court of Appeals *held*:

Michigan's grandparenting-time statute, MCL 722.27b, allows a grandparent, under certain circumstances, to petition for grandparenting time with a child. Under MCL 722.27b(4)(b), a fit parent's decision to deny a grandparent grandparenting time is presumed to be in the child's best interests; that is, a fit parent's decisions, including the denial of grandparenting time, are presumed not to create for the child a substantial risk of mental, physical, or emotional harm. When a fit parent denies grandparenting time, the grandparent seeking the time must overcome the presumption that the parent's denial will not create a substantial risk of harm to the child. In this case, petitioner agreed that plaintiff was a fit mother, and plaintiff agreed that petitioner should be allowed grandparenting time with the child. The sole point of contention was the amount of grandparenting time to be awarded; petitioner wished a liberal grandparenting-time schedule while plaintiff proposed a more limited schedule. The referee

recommended that petitioner be awarded as much grandparenting time as a noncustodial parent would be awarded parenting time. The FOC's investigation, the referee's recommendation, and finally, the trial court's adoption of the referee's recommendation, failed to acknowledge the fundamental right of a fit parent to make decisions about the companionship, care, custody, and management of the parent's child. Most importantly, the referee and the trial court agreed to award petitioner the equivalent of a noncustodial parent's parenting time without finding that petitioner had overcome the fit-parent presumption. In this situation, petitioner had to show that plaintiff's denial of the amount of grandparenting time exceeding plaintiff's proposal created a substantial risk of harm to the child, but no evidence was presented on that question. Therefore, the trial court erred by adopting the referee's recommendation that petitioner be awarded the same amount of grandparenting time as a noncustodial parent would be awarded parenting time.

Vacated and remanded.

*Legal Services of South Central Michigan* (by *Kellie Maki Foster*) for plaintiff.

*Gentry Nalley, PLLC* (by *Kevin S. Gentry*), for petitioner.

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM. Plaintiff-mother appeals by right an order denying her objections to an interim order awarding petitioner-grandmother grandparenting time in an amount equivalent to the parenting time awarded a noncustodial parent. For the reasons discussed, we vacate the court's order and remand the matter to the trial court for proceedings consistent with this opinion.

I. FACTS

Plaintiff and defendant-father were never married, and in 2011 plaintiff initiated a custody case with respect to their child. Petitioner is defendant's mother.

After defendant's death on March 25, 2014, petitioner moved for grandparenting time in the existing custody case. MCL 722.27b(1)(c); MCL 722.27b(3)(a).

In the summer of 2010, before defendant's death, plaintiff was seriously injured in an automobile accident when the child at issue was four months old. Present in the car with plaintiff was her eldest child, half-brother to the child at issue. Both plaintiff and the older child suffered traumatic brain injuries. Plaintiff was in a coma for three months, after which she required intensive inpatient rehabilitation. Although defendant had custody of the child during this time, petitioner was the primary caregiver. The record shows that a close bond developed between petitioner and the child.

Beginning in the fall of 2010, petitioner took the child for a weekly, one-hour visit to the rehabilitation center where plaintiff was recovering. However, in the fall of 2011, after not having seen the child for several weeks, plaintiff petitioned the court for custody, parenting time, and child support. Following a Friend of the Court (FOC) investigation, the court awarded plaintiff and defendant joint physical and legal custody of the child and plaintiff limited weekly parenting time, anticipating that plaintiff's parenting time would increase as she continued to recover from her injuries. Four months later, plaintiff petitioned for an increase in parenting time in accordance with the court's expectations.

When petitioner's son died in March 2014, plaintiff's parents informed petitioner that they were taking the child to live with plaintiff and that they would be in touch with petitioner. Less than a week later, petitioner filed a guardianship application. In exchange for petitioner's withdrawal of the application, plaintiff agreed to allow grandparenting time every Tuesday

and Thursday from 9:30 a.m. until 7:30 p.m. and one Friday a month from 5:00 p.m. until 8:00 p.m. Plaintiff agreed to submit the matter of a grandparenting-time schedule to the FOC for investigation.

After its investigation, the FOC issued a report that recommended changing petitioner's three-hour grandparenting time on one Friday each month to an overnight from 5:00 p.m. Friday until 5:00 p.m. Saturday, "provided [petitioner] is engaged in regular individual counseling." The report also recommended that petitioner's grandparenting time on Tuesdays and Thursdays continue through the summer months but be modified once the child started preschool in the fall. The following month, petitioner filed the motion for grandparenting time that is the basis of the instant appeal.

The sole point of contention between petitioner and plaintiff is the amount of grandparenting time appropriate under the circumstances. Petitioner requested the Friday overnights recommended by the FOC report, as well as additional overnights every other weekend from 5:00 p.m. Friday until 5:00 p.m. Sunday. She further requested that the grandparenting time on Tuesdays and Thursdays remain unchanged during the school year, proposing that she would be responsible for transporting the child to and from preschool. In addition, petitioner asked the court to allow her to enroll the child in the counseling that the report recommended. As an alternative to this schedule, plaintiff offered twice-weekly visits from the end of the school day until 7:30 p.m., or from 5:30 p.m. until 7:30 p.m. if there was no school, and a monthly overnight from 5:00 p.m. Friday until 5:00 p.m. Sunday, the latter contingent on petitioner's verifying that she was undergoing regular counseling for her grief and loss.

Plaintiff proposed that the parties could agree to additional time and that the weekly grandparenting time should be sufficiently adjustable to allow plaintiff to schedule trips, vacations, and other family activities.

At the hearing on her petition before an FOC referee, petitioner did not dispute plaintiff's ability to care for the child, emphasizing instead the level of care that she had provided for the child for most of the child's life and the resulting bond that existed between them. Plaintiff's testimony stressed her ability to care for her children, her concern that she reestablish herself in the role of mother and parental authority, and her fear that granting the amount of grandparenting time requested would effectively aid petitioner in undermining plaintiff's role.

Stressing that petitioner was the one constant in the child's life, the referee recommended that petitioner "be given the parenting time that a normal noncustodial parent would receive": alternate weekends from 6:00 p.m. Friday until 6:00 p.m. Sunday, four nonconsecutive weeks of summer vacation, holiday "parenting time" in accordance with the Livingston County FOC guidelines, and a midweek visitation from 5:30 p.m. until 7:30 p.m. on a mutually agreeable day. The referee explained that this schedule would not elevate petitioner to joint legal custodian of the minor, but was a schedule that would "best serve the child's best interests, and again, ensure continuation of a bond that's been established between the Petitioner and the child and will also allow the child to know his paternal family." An interim order corresponding to the referee's recommendations was entered. The trial court denied plaintiff's objections, expressly adopting

the referee's grandparenting-time recommendation. Plaintiff moved for reconsideration, but the motion was denied.

## II. ANALYSIS

Plaintiff contends that the trial court erred by affirming, over her objections, an award of grandparenting time in an amount equivalent to the parenting time awarded a noncustodial parent without petitioner having overcome the fit-parent presumption of MCL 722.27b(4)(b).

"Orders concerning [grand]parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Keenan v Dawson*, 275 Mich App 671, 679; 739 NW2d 681 (2007) (quotation marks and citation omitted). The Court should affirm a trial court's findings of fact unless the evidence "clearly preponderate[s] in the opposite direction." *Fletcher v Fletcher*, 447 Mich 871, 879; 526 NW2d 889 (1994) (quotation marks and citation omitted; alteration in original). A trial court abuses its discretion on a custody matter when its "decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). We conclude that this standard should also apply to decisions about parenting and grandparenting time. A court commits clear legal error "when it incorrectly chooses, interprets, or applies the law." *McIntosh v McIntosh*, 282 Mich App 471, 475; 768 NW2d 325 (2009).

Parents have a constitutionally protected right to make decisions about the care, custody, and management of their children. *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014). This right "is not absolute, as the state has a legitimate interest in protecting the moral, emotional, mental, and physical welfare of the minor . . . ." *Id.* at 409-410, quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972) (quotation marks and citation omitted). "The United States Constitution, however, recognizes 'a presumption that fit parents act in the best interest of their children' and that 'there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of [fit parents] to make the best decisions concerning the rearing of [their] children.' " *In re Sanders*, 495 Mich at 410, quoting *Troxel v Granville*, 530 US 57, 68-69; 120 S Ct 2054; 147 L Ed 2d 49 (2000) (opinion by O'Connor, J.) (alterations in *Sanders*).

MCL 722.27b provides grandparents in certain situations the means to seek an order for grandparenting time. To protect parents' fundamental liberty to make decisions about the care, custody, and management of their children, MCL 722.27b(4)(b) incorporates a rebuttable presumption "that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health." To rebut this presumption, a grandparent "must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health." *Id.* If the grandparent does not rebut the presumption, the court must dismiss the grandparenting-time action. *Id.* However, if the grandparent meets the standard for rebutting the presumption,

> the court shall consider whether it is in the best interests
> of the child to enter an order for grandparenting time. If
> the court finds by a preponderance of the evidence that it
> is in the best interests of the child to enter a grandpar-
> enting time order, the court shall enter an order providing
> for reasonable grandparenting time of the child by the
> grandparent by general or specific terms and conditions.
> [MCL 722.27b(6).]

In the instant case, the referee presumed that plain-
tiff was a fit parent but found that petitioner had
overcome the fit-parent presumption. The referee
based her finding on the fact that an FOC report
recommended grandparenting time.

We first note that the referee did not have to
presume that plaintiff was a fit parent; the record
shows that testimonial evidence of her fitness was
introduced, and even petitioner conceded the point.
Next, the FOC report upon which the referee based her
conclusion that petitioner rebutted the fit-parent pre-
sumption recommended grandparenting time because
the parties agreed in principle on the desirability of
grandparenting time and had asked the FOC to rec-
ommend a grandparenting-time schedule. It seems
illogical to interpret the fact that the report did what it
was supposed to do—recommend a grandparenting-
time schedule at the request of both parties—as evi-
dence that petitioner rebutted the fit-parent presump-
tion.

Further, the referee's finding that petitioner over-
came the fit-parent presumption ignores the fact that
plaintiff agreed in principle that petitioner should
have grandparenting time and proposed a
grandparenting-time schedule, albeit one that in-
cluded less grandparenting time than petitioner was
currently enjoying. Therefore, in order to overcome the
fit-parent presumption given that plaintiff was deny-

ing some, but not all, grandparenting time, petitioner had to show that plaintiff's denial of the amount of grandparenting time exceeding plaintiff's proposal created a substantial risk of harm to the child. See MCL 722.27b(4)(b). No evidence was presented on this question.

We must affirm orders concerning grandparenting time unless the trial court, among other things, made a clear legal error on a major issue. *Keenan*, 275 Mich App at 679. We conclude that the referee committed clear legal error, and the trial court confirmed that error by failing to apply the fit-parent presumption to plaintiff's grandparenting-time decision and by failing to require that petitioner rebut the presumption that plaintiff's proposed grandparenting-time schedule would not create a substantial risk of harm to the minor. MCL 722.27b(4)(b). The referee deprived plaintiff of the benefit of the fit-parent presumption not only by ignoring the fact that plaintiff had agreed to grandparenting time and had offered petitioner a grandparenting-time schedule, but also by concluding against the great weight of the evidence that petitioner had rebutted the fit-parent presumption. *Fletcher*, 447 Mich at 879. This error was not harmless; it unreasonably deprived plaintiff of her constitutionally protected right to make decisions about "the companionship, care, custody, and management" of her child. *In re Sanders*, 495 Mich at 409.

We vacate the trial court's order and remand the matter to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

SAWYER, P.J., and HOEKSTRA and WILDER, JJ., concurred.